BERNARD H. BOUL and ANTOINETTE BOUL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boul v. Commissioner
Docket No. 7921-75.
United States Tax Court
T.C. Memo 1976-336; 1976 Tax Ct. Memo LEXIS 67; 35 T.C.M. (CCH) 1544; T.C.M. (RIA) 760336; November 8, 1976, Filed Bernard H. Boul, pro se. Larry K. Akins, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $347.80 in petitioners' 1973 Federal income tax. Petitioners having conceded a rental expense adjustment of $585.24 determined *68 by respondent, the sole issue remaining for our decision is whether petitioners are entitled to a claimed deduction under section 162(a) [1] for meal expenses incurred by petitioner Bernard H. Boul while he was away from home in pursuit of his trade or business. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners Bernard H. and Antoinette Boul, husband and wife, timely filed their 1973 Federal income tax return with the Internal Revenue Service Center, Kansas City, Missouri. Petitioners resided in Kansas City, Missouri, at the time they filed their petition herein. During 1973 petitioner Bernard H. Boul (hereinafter petitioner) worked as an over-the-road truck driver. This type of driver transports freight from city to city as opposed to delivering freight within a given city. Beginning in February 1972, petitioner began working on a part-time basis for Yellow Freight Systems, Inc. (hereinafter Yellow), in Overland Park, Kansas. In January and February 1973, petitioner continued to work part-time for Yellow and also worked on a part-time *69 basis for four other trucking companies. Beginning on or about March 1, 1973, and for the rest of that year, petitioner worked full-time for Yellow and discontinued his employment with the other four trucking companies. In 1973, petitioner transported freight for Yellow to numerous cities in Kansas, Missouri, Nebraska and Iowa. The major portion of these trips would begin at the Yellow freight dock in Kansas City and would terminate there approximately two days later. During 1973 petitioner maintained a driver's log in accordance with the rules and regulations of the Interstate Commerce Commission. According to this log, he made 107 round trips from the Yellow freight dock in Kansas City that did not end on the same day they were begun. These round trips were made to the following cities: Liberal and Goodland, Kansas; Kearney, Nebraska; and Sioux City, Iowa. The respective distances and driving times of these trips were as follows: Distance from
Yellow Freight Dock
Driving Time City
in Kansas City
One Way
Liberal
415
9-11 Hrs.
Goodland
410
9-11 Hrs.
Kearney
358
8-10 Hrs.
Sioux City
327
8-10 Hrs.
On these trips petitioner would *70 normally leave the Yellow freight dock in Kansas City between 7 and 11 p.m. and would usually consume two meals between the time of his departure and arrival at the particular city. Upon reaching his destination, he was required to lay over for approximately 10 to 14 hours before his truck would be ready for the return trip to Kansas City. During this layover, petitioner was off duty and would usually sleep for about eight hours and consume two meals. When his truck was ready, petitioner would return to Kansas City and, during this return trip, he would again consume two meals. Petitioner kept no receipts or any type of contemporaneous records or logs of the cost of the meals he purchased while driving on these trips or during his layover periods. Petitioner was not reimbursed for any of these meals, and he estimated that his out-of-pocket meal expenses for a complete round trip averaged $18 ( $3 per meal). On his 1973 return he deducted a total of $1,908 for such expenses. [2]
OPINION Respondent has allowed petitioner *71 a deduction under section 162(a) [3] of $963 for meal expenses incurred by petitioner while he was away from home on the 107 trips he made during 1973. However, respondent has disallowed the remaining $945 claimed by petitioner because of petitioner's failure to substantiate such excess expenditures. Section 274(d) provides, in part, as follows: (d) Substantiation Required.--No deduction shall be allowed -- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, *72 amusement, recreation, or use of the facility, or the date and description of the gift * * * Under respondent's regulations, in order to comply with the "adequate records" requirement in the statute, a taxpayer must maintain an account book, diary, statement of expense, or similar record showing, inter alia, the amount of each actual expense for which a deduction is claimed. Sec. 1.274-5(c)(2), Income Tax Regs. Petitioner maintained no substantiating records whatsoever and relies instead on his estimation of the meal expenses he incurred while away from home on these trips. Notwithstanding petitioner's failure to substantiate any of his claimed expenses, respondent has permitted him a deduction of $963 ( $9 per round trip). We found petitioner to be an honest and forthright witness, and left to our own devices we would have allowed him a deduction in excess of the amount determined by respondent. However, both section 274(d) and its legislative history make it quite clear that, absent the degree of substantiation mandated by the statute, we are powerless to make such a determination on our own. Sec. 274(d); H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; *73 S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741. Accordingly, we are reluctantly forced to hold that petitioner is entitled to a deduction for meals purchased while away from home in 1973 only in the amount allowed by respondent. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. Expenses of $18 per trip for 107 trips would amount to $1,926. This discrepancy is apparently due to a mathematical error on petitioner's part.↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *↩